IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. |
| Plaintiff, | ) JUDGE |
| v. | ) |
| $50,000.00 IN U.S. CURRENCY, | ) |
| Defendant. | ) **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Michelle M. Baeppler, First Assistant United States Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, as follows:

**JURISDICTION AND INTRODUCTION**

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6) and 18 U.S.C. Section 924(d)(1).

2. This Court has *in rem* jurisdiction over the defendant currency: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district. This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which U.S. Customs and Border Protection will execute upon the defendant currency. *See*, Supplemental Rules G(3)(b) and G(3)(c).

3. Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this district.

4. On November 14, 2022, in Toledo, Ohio, the defendant $50,000.00 in U.S. Currency was seized from a black backpack located behind the driver's seat of a 2023 GMC Terrain rental vehicle, driven by J.F., in which Claimant Tyrone Hamilton (HAMILTON) was traveling as a passenger. The defendant currency is now in the custody of the federal government.

5. Subsequent to the seizure, U.S. Customs and Border Protection commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant property was submitted by HAMILTON in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6. The defendant $50,000.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

**FORFEITURE**

7. On November 14, 2022, police officers with the Toledo Police Department (TPD) conducted a traffic stop of a 2023 GMC Terrain after the driver of the Terrain failed to signal before turning from northbound Secor Road to westbound Monroe Street.

8. After initiating the traffic stop, TPD Officer Garcia approached the vehicle and observed that both J.F., the female driver, and the male passenger HAMILTON, appeared nervous. Officer Garcia also detected an odor of marijuana emanating from the vehicle.

9. TPD officers were presented with the rental agreement for the vehicle which identified HAMILTON as the renter of the vehicle.

10. Initially, HAMILTON would not provide the officers any identification, stating he did not have to do so; however, he did eventually confirm that he was HAMILTON, then also provided a date of birth to the officers.

11. TPD Officers ran record checks for J.F. and HAMILTON and both returned with active warrants for their arrests.

12. TPD Officers advised J.F. and HAMILTON to exit the vehicle and after they did, the officers searched the vehicle and found two packs of marijuana and $50,000.00 in U.S. Currency at the bottom of a black backpack located behind the driver's seat.

13. The $50,000.00 in U.S. Currency in the backpack was inside a plastic bag in rubber-banded bundles. HAMILTON stated there was $50,000 in the bag, that each bundle totaled $2,000 and that the cash was from his "business adventures."



14. The $50,000.00 in U.S. Currency consisted of 200 fifty-dollar bills and 2,000 twenty-dollar bills.

15. HAMILTON is associated with a business named Dream Vision Real Estate, LLC (Dream Vision) which has an address of 21050 Kittridge St., Canoga Park, California and HAMILTON is listed as a business partner in Dream Vision with A.J.

16. Dream Vision has both LinkedIn and Facebook profiles but no recent updates, stock photos or customer reviews and the business has current estimated sales of $127,545.

17. HAMILTON's business partner A.J. has a 2000 state felony conviction for permitting drug abuse; a 2004 state felony conviction for drug trafficking; and a 2014 drug possession charge and HAMILTON has a 2001 state conviction for involuntary manslaughter; a 2006 arrest for assaulting a police officer; and a 2015 domestic battery arrest.

18. Review of banking account information for Dream Vision Real Estate, LLC, has determined substantial suspicious cash activity related to the account, including:

    a. the source of deposited funds could not be verified; and

    b. no purpose could be identified for the issuance of cashier's checks funded from the account made payable to third parties.

## CONCLUSION

19. By reason of the foregoing, the defendant $50,000.00 in U.S. Currency, is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant property and forfeiting it to the United States, and providing that the defendant property be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

        Respectfully submitted,

        Michelle M. Baeppler
        First Assistant United States Attorney
        Northern District of Ohio

By: _____
        Henry F. DeBaggis (OH: 0007561)
        Assistant United States Attorney
        Carl B. Stokes U.S. Court House
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio 44113
        216.622.3749 / Fax: 216.522.7499
        Henry.DeBaggis@usdoj.gov

# VERIFICATION

STATE OF OHIO )
                                ) SS.
COUNTY OF CUYAHOGA )

    I, Henry F. DeBaggis, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

                                                       _____
                                                       Henry F. DeBaggis (OH: 0007561)
                                                       Assistant United States Attorney

Sworn to and subscribed in my presence this _____ day of April 2023.

                                                       _____
                                                       Notary Public